**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

    Plaintiff-Appellee,

v.                                              **NO.  28,834**

**LUIS O. CORRALEZ,**

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF OTERO COUNTY**
**Jerry H. Ritter, Jr., District Judge**

Gary K. King, Attorney General,
Santa Fe, NM

for Appellee

Arturo B. Nieto, Esq.
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**KENNEDY, Judge.**

Defendant appeals his conviction for one count of extreme cruelty to animals and one count of conspiracy to commit extreme cruelty to animals. We issued a notice proposing to summarily affirm, and Defendant has filed an untimely memorandum in opposition.  Having considered the arguments raised by Defendant and remaining

unpersuaded, we affirm Defendant's convictions.

**Sufficiency of the Evidence**

Defendant challenges the sufficiency of the evidence to support his convictions. [MIO unnumbered page 3; DS 15] In analyzing a sufficiency challenge on appeal, we view the evidence in the light most favorable to the verdict, resolving all conflicts and indulging all inferences in favor of the verdict. *State v. Apodaca*, 118 N.M. 762, 765-66, 887 P.2d 756, 759-60 (1994). We do not weigh the evidence or substitute our judgment for that of the fact finder. *State v. Mora*, 1997-NMSC-060, ¶ 27, 124 N.M. 346, 950 P.2d 789. Further, the jury is free to reject Defendant's version of the facts. *State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829.

In order to convict Defendant of extreme cruelty to animals, the State had to prove beyond a reasonable doubt, that Defendant intentionally or maliciously tortured or injured an animal. [RP 124] *See* NMSA 1978, § 30-18-1(E) (2007). It is sufficient that Defendant intended the crime to be committed and "helped, encouraged or caused the crime to be committed." [RP 125] In order to convict Defendant of conspiracy to commit extreme cruelty to animals, the State had to prove beyond a reasonable doubt, that Defendant and another person by words or acts agreed together to commit extreme cruelty to animals and that Defendant and the other person intended to commit extreme cruelty to animals. [RP 126] *See* UJI 14-2810 NMRA.

2

In our notice of proposed summary disposition, we reviewed the evidence in support of the convictions which Defendant does not dispute in his memorandum in opposition. [MIO 3] We briefly summarize the evidence which is more fully discussed in our proposed notice. Officers testified regarding their investigation of a severely burned cat. [DS 3-4] The evidence and testimony showed that Defendant and co-defendant Jose Bustillos had tied a beer can, filled with flammable liquid, to the cat's tail. [MIO 3; DS 4, 8] Defendant and Bustillos then lit the can on fire. [MIO 3]

The cat's owner testified that he found the burning cat underneath his truck. [DS 6-7] Testimony and photographic evidence was introduced regarding the severe burns suffered by the cat which resulted in the cat's death. [DS 5- 6]

Defendant admitted to the owner's wife that he set the cat on fire. [DS 7] He also told officers that, along with Bustillos, he held the cat and tied a string to its tail. [MIO 3; DS 9] He told officers that Bustillos had poured some kind of liquid onto the cat's tail, they lit the can, and the cat ran off "throwing gas all over the street." [MIO 3; DS 9]

At trial, Defendant admitted assisting Bustillos with tying the beer can filled with flammable gas to the cat's tail. [DS 11-12] He admitted to holding the cat while both men tied the string and that he and Bustillos filled the beer can with diesel fuel.

[DS 11] He admitted to knowing that flammable gas could cause some sort of injury if used incorrectly and to knowing that there was a good chance the cat could be burned or killed if it was ignited with flammable gas. [DS 11-12] Defendant claimed that he did not intend to injure or torture the cat, only to get rid of it. [DS 11-12]

This evidence is sufficient to support Defendant's convictions because it shows that Defendant intentionally assisted in tying a beer can containing flammable liquid to the cat's tail and then lighting the can which resulted in lighting the cat's tail on fire. It shows that Defendant intentionally or maliciously tortured the cat because Defendant knew that his actions could result in the cat being burned or killed. [RP 124] *See* § 30-18-1(E). The evidence is also sufficient to establish that Defendant and Bustillos agreed together to commit these actions and intended to commit them.

In his memorandum in opposition, Defendant contends that the evidence did not show that he lit the cat's tail on fire, only that he and Bustillos lit the can on fire. [MIO 3] We are not persuaded that this distinction warrants reversal of his conviction. Given the evidence that Defendant tied the can to the cat's tail, filled a fuel can with flammable liquid, and lit the can on fire, coupled with Defendant's admission that he knew the liquid was flammable and, if it contacted the cat, would likely cause injury, there was sufficient evidence to support a finding that Defendant intentionally or maliciously injured or tortured the cat. [MIO 3]

4

**Jury Instruction**

Defendant contends that the district court erred in refusing to instruct the jury on the elements of cruelty to animals as a lesser included offense to extreme cruelty to animals. [MIO 1-2; DS 12] We disagree.

"A defendant is entitled to have the jury instructed on his theory of the case if that theory is supported by the evidence." *State v. Nieto*, 2000-NMSC-031, ¶ 15, 129 N.M. 688, 12 P.3d 442. We review de novo the trial court's failure to submit the defendant's requested instruction on the offense of cruelty to animals. *See State v. Gaitan*, 2002-NMSC-007, ¶ 10, 131 N.M. 758, 42 P.3d 1207.

As discussed in the context of Defendant's sufficiency challenge, to convict Defendant of extreme cruelty to animals, the State had to prove that he intentionally or maliciously tortured or injured an animal. [RP 124] Cruelty to animals, a lesser included offense to extreme cruelty, requires proof, beyond a reasonable doubt, that Defendant "negligently mistreated, injured, or killed an animal without legal justification or tormented an animal." *See* NMSA 1978, § 30-18-1(B)(1) (2007). [MIO 2] "Instructions on lesser included offenses should only be given when there is evidence that the lesser offense is the highest degree of the crime committed." *State v. McGruder*, 1997-NMSC-023, ¶ 11, 123 N.M. 302, 940 P.2d 150 (internal quotation marks and citation omitted).

5

In our notice of proposed summary disposition, we proposed to hold that the trial court did not err in refusing to instruct the jury on the offense of cruelty to animals because there was no evidence suggesting that Defendant had negligently injured the cat. Instead, the evidence, including Defendant's own admissions and testimony, indicates that Defendant intentionally tied the flammable can to the cat's tail and intentionally lit the can on fire. Therefore, there appears to be no reasonable view of the evidence that would support a conviction of the lesser offense of cruelty to animals and we proposed to hold that the trial court properly refused the requested instruction. *See McGruder*, 1997-NMSC-023, ¶ 11.

In his memorandum in opposition, Defendant contends that the evidence that Defendant intentionally took steps to "scare the cat away" did not necessarily translate into a conviction for extreme cruelty to animals because it does not necessarily translate into a showing that Defendant intentionally or maliciously tortured or injured the cat. [MIO 4] We disagree. Defendant intentionally committed all the actions that resulted in the cat's injury and death. Defendant also admitted to knowing that there was a good chance that injury would result from him actions. Therefore, we conclude that Defendant was not entitled to an instruction on cruelty to animals because there was no view of the evidence that could support a finding that Defendant was only negligent.

**CONCLUSION**

Based upon the foregoing and for the reasons set forth in our notice of proposed summary disposition, we affirm Defendant's convictions.

**IT IS SO ORDERED.**

_____
**RODERICK T. KENNEDY, Judge**

**WE CONCUR**:

_____
**LINDA M. VANZI, Judge**

_____
**TIMOTHY L. GARCIA, Judge**